# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TERRANCE TOLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-1049-D |
| | ) | |
| OKLAHOMA DEPARTMENT OF | ) | |
| CORRECTIONS, BJCC Staff, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, appearing *pro se*, filed this action in Oklahoma County District Court alleging his federal constitutional rights were violated while he was a prisoner at Charles E. "Bill" Johnson Correctional Center in Alva, Oklahoma [Doc. No. 1-1]. Plaintiff is currently incarcerated at the Oklahoma State Penitentiary in McAlester, Oklahoma [Doc. No. 1-1]. The action was removed to federal court on October 2, 2017 [Doc. No. 1]. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Bernard M. Jones for initial proceedings.

On October 6, 2017, Judge Jones filed a Report and Recommendation ("Report") [Doc. No. 5], in which he recommended that the Court remand the case to state court pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction. Specifically, Judge Jones noted that Joe M. Allbaugh, Director of the Oklahoma Department of Corrections ("ODOC"), was not a named defendant in the action; thus, he was not authorized to remove the action. [Doc. No. 5 at 2-3]. Judge Jones further noted that the ODOC was not a named

defendant in the action; therefore, Director Allbaugh could not file a notice of removal on its behalf. [Doc. No. 5 at 3].

Judge Jones advised both parties of their right to object and directed that any objection be filed on or before October 27, 2017. [Doc. No. 5 at 4]. Judge Jones further advised that any failure to object would result in a waiver of the right to appellate review. [Doc. No. 5 at 4]. Neither party filed any formal objection to the Report within the time allowed.

Instead, Kari Y. Hawkins, Assistant Attorney General, entered her appearance as counsel of record on behalf of the ODOC on October 9, 2017 [Doc. No. 6]. On behalf of the ODOC, Ms. Hawkins filed an Amended Notice of Removal [Doc. No. 7], and a Motion to Dismiss [Doc. No. 8], alleging that the ODOC was an improper party to the action and that Plaintiff's § 1983 claims against the ODOC should be dismissed for failure to state a claim upon which relief could be granted. On October 30, 2017, after the objection deadline, Plaintiff filed a Motion to File Objection stating he desired to file objections to the Report but that he did not understand the Report [Doc. No. 9].

The Court concurs with the analysis and recommendation of Judge Jones. The presence or absence of federal subject matter jurisdiction is evaluated at the time a notice of removal is filed. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996). At the time of removal, subject matter jurisdiction was lacking in that Allbaugh was not a named defendant. Further, the ODOC's Amended Notice of Removal does not cure the procedural deficiencies noted by Judge Jones. Indeed, Judge Jones addressed in his Report the fact that the ODOC was also not a named defendant [Doc. No. 5 at 3].

Plaintiff has not identified the ODOC as a named defendant. A review of the state court petition demonstrates that Plaintiff specifically sues six defendants: David Louthan, Christian Moncivais, Janice Melton, Becky Guffy, Rick Kornele and Hector Rios [Doc. No. 1-1]. Those six defendants are identified as "1st through 6th" in the caption of the petition and "a through f" in the body of the petition [Doc. No. 1-1].

The Court agrees with Judge Jones that the "reference to the 'Oklahoma Department of Corrections, BJCC staff' in the caption of the petition does not identify the ODOC as a party, but serves merely to further identify the six named defendants." [Doc. No. 5 at 3]. Moreover, Plaintiff's purported inclusion of official capacity claims against the six named defendants does not render the ODOC a named party to this action. As noted by Judge Jones, Plaintiff seeks compensatory and punitive damages; thus, Plaintiff has effectively brought only individual capacity claims. *See Pride v. Does*, 997 F.2d 712, 715 (10th Cir. 1993) ("[W]e look to the substance of the pleadings … in order to determine whether the suit is for individual or official liability."); *Eastwood v. Dep't of Corr. of Oklahoma*, 846 F.2d 627, 631-632 (10th Cir. 1988) (ODOC is an arm of the state and is entitled to absolute immunity under the Eleventh Amendment. This immunity extends to state officials who are sued for damages in their official capacity).

Accordingly, Judge Jones' Report and Recommendation is ADOPTED as though fully set forth herein. The case is remanded to the District Court of Oklahoma County, Oklahoma. This Order moots the ODOC's Motion to Dismiss and Brief in Support [Doc. No. 8] and Plaintiff's Motion to File Objection [Doc. No. 9]; therefore, those motions are DENIED.

IT IS SO ORDERED this **14th** day of November 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE